**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000086
25-MAR-2024
07:49 AM
Dkt. 54 SO**

NO. CAAP-19-0000086

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAVID J. POKIPALA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-18-0001807)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and Nakasone, JJ.)

Defendant-Appellant David J. Pokipala (**Pokipala**) appeals from the Judgment of Conviction and Sentence; Notice of Entry (**Judgment**), entered on January 10, 2019, in the Circuit Court of the First Circuit (**Circuit Court**).[1] Following a jury trial, Pokipala was convicted of Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-712(1)(a) (2014).[2]

---

[1] The Honorable Edward H. Kubo, Jr. presided.

[2] HRS § 707-712 provides, in pertinent parts:

> **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:
>
> > (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]
>
> . . . .
>
> (2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

On appeal, Pokipala contends that: (1) the Circuit Court erred in denying his motion for mistrial, "when a prosecution witness [*i.e.*, the complaining witness's (**CW**) daughter (**Daughter**)] in a non-responsive answer to questioning testified about seeking a [temporary restraining order] against [Pokipala]"; (2) the Circuit Court erred in denying Pokipala's motion for judgment of acquittal at the end of the prosecution's case and again on renewed motion after the defense rested;[3/] (3) there was insufficient evidence to convict Pokipala; and (4) a deputy prosecuting attorney (**DPA**) for Plaintiff-Appellee State of Hawaiʻi (**State**) "engaged in improper vouching by interjecting his personal intent to prove his case in his opening statement, . . . and by personally exhorting jury members to convict in his closing argument."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Pokipala's contentions as follows, and affirm.

(1) Pokipala contends that the Circuit Court abused its discretion in denying his motion for a mistrial after Daughter made non-responsive statements during her testimony. Specifically, Pokipala cites two instances in Daughter's testimony which he claims prejudiced the jury against him and warranted granting a mistrial: (1) when Daughter testified that the day after the incident, she "came down to Honolulu to go file a restraining order" (**First Statement**); and (2) when Daughter testified that later the same day, when she "came to [her] dad's house[,]" Pokipala "approached [her] . . . car" (**Second Statement**).

"The denial of a motion for mistrial or new trial 'is within the sound discretion of the trial court and will not be upset absent a clear abuse of discretion.'" State v. Pasene, 144 Hawaiʻi 339, 365, 439 P.3d 864, 890 (2019) (quoting State v. Furutani, 76 Hawaiʻi 172, 178-79, 873 P.2d 51, 57-58 (1994)).

_____

[3/] The defense rested without calling any witnesses.

Here, regarding the First Statement, the record shows that Pokipala quickly objected when it was made, after which the Circuit Court immediately sustained the objection, struck the testimony at issue, and instructed the jury "to disregard the statement of the witness as to what she did." After the jury was released for the day, Pokipala moved for a mistrial based on the First Statement, which the Circuit Court denied. Following the close of evidence, when instructing the jury, the Circuit Court confirmed that each juror had a copy of the instructions and specifically instructed, "You must disregard entirely any matter which the court has ordered stricken."

A jury is presumed to follow the instructions it is given by the court. State v. Acker, 133 Hawaiʻi 253, 278, 327 P.3d 931, 956 (2014). On this record, we conclude that the Circuit Court did not abuse its discretion in denying the motion for mistrial based on the First Statement.

Regarding the Second Statement, although Pokipala appears to have objected to it as it was being made, he did not move to strike the testimony at issue, and he did not move for a mistrial based on the Second Statement. We thus deem waived Pokipala's argument that the Circuit Court abused its discretion in denying a purported motion for mistrial based on the Second Statement. See State v. Wilson, 141 Hawaiʻi 385, 391, 410 P.3d 865, 871 (App. 2017).

(2) Pokipala contends that the Circuit Court erred in denying his motions for judgment of acquittal because "a reasonable mind would not fairly conclude guilt beyond a reasonable doubt that . . . Pokipala committed the offense he was charged with – assault in the third degree, a misdemeanor." Pokipala argues that "[t]he evidence most favorable to the prosecution clearly indicates that the offense allegedly committed was . . . a mutual affray – a petty misdemeanor – a fight or scuffle entered into by mutual consent."

> "The standard to be applied by the trial court in
> ruling upon a motion for a judgment of acquittal is whether,
> upon the evidence viewed in the light most favorable to the

3

> prosecution and in full recognition of the province of the trier of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." [State v. ]Keawe, 107 Hawaiʻi [1,] 4, 108 P.3d [304,] 307[ (2005)]. This court employs the same standard of review in reviewing a motion for a judgment of acquittal. Id.

State v. Walton, 133 Hawaiʻi 66, 90, 324 P.3d 876, 900 (2014) (original brackets omitted).

In order to convict Pokipala for a violation of HRS § 707-712(1)(a), the State was required to prove beyond a reasonable doubt that Pokipala "[i]ntentionally, knowingly, or recklessly cause[d] bodily injury to" CW. HRS § 707-712(1)(a); see id. § 707-700 ("'Bodily injury' means physical pain, illness, or any impairment of physical condition."). At trial, CW testified that when Pokipala entered CW's property and directly approached CW "[f]ace-to-face" within inches of CW, CW only "stood [his] ground" and "didn't move" – "just stood still, [did] nothing." CW testified that Pokipala then head-butted him, without CW having time to avoid the head-butt, resulting in a painful injury, after which CW walked away. CW specifically described the injury from the head-butt as "red, bruised . . . [s]wollen" and that CW had pain for "probably maybe a week or so." CW, Daughter, and Honolulu Police Department Officer Vincent Tripi all testified to the appearance of CW's injury, and multiple photographs showing CW's injury were entered into evidence without objection. Pokipala points to no evidence that CW was injured in a fight or scuffle entered into by mutual consent.

Based on the evidence adduced at trial, viewed in the light most-favorable to the State, a reasonable trier of fact could conclude beyond a reasonable doubt that Pokipala intentionally, knowingly, or recklessly caused bodily injury to CW, committing the misdemeanor of Assault in the Third Degree. See Walton, 133 Hawaiʻi at 90, 324 P.3d at 900. The Circuit Court did not err in denying Pokipala's motions for judgment of acquittal.

(3) Pokipala similarly contends there was insufficient evidence adduced at trial to support his conviction. He argues

that neither CW nor Daughter were credible, and their testimony was so marked with bias against Pokipala as to negate any probative value.

Sufficient evidence to support a conviction "requires substantial evidence as to every material element of the offense charged."  State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting State v. Ferrer, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)).  Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (quoting Ferrer, 95 Hawaiʻi at 422, 23 P.3d at 757).  The evidence must be "viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," who must "determine credibility, weigh the evidence, and draw justifiable inferences of fact."  Id. (quoting Ferrer, 95 Hawaiʻi at 422, 23 P.3d at 757).

Upon review of the record, including the evidence described above, we conclude there was substantial evidence that Pokipala intentionally, knowingly, or recklessly caused bodily injury to CW, committing the misdemeanor of Assault in the Third Degree.  Accordingly, on this record, the evidence was sufficient to support Pokipala's conviction.

(4)  Pokipala contends that the DPA "engaged in improper vouching by interjecting his personal intent to prove his case in his opening statement, . . . and by personally exhorting jury members to convict in his closing argument."

Although Pokipala did not object at trial to the statements he now challenges on appeal (quoted *infra*), in prosecutorial misconduct cases, "there is no difference between the plain error and harmless beyond a reasonable doubt standards of review."  State v. Hirata, 152 Hawaiʻi 27, 31, 520 P.3d 225, 229 (2022) (citing State v. Riveira, 149 Hawaiʻi 427, 431 n.10, 494 P.3d 1160, 1164 n.10 (2021)).  "[O]nce the defense establishes misconduct - objection or no objection - appellate review is the same: 'After considering the nature of the prosecuting attorney's conduct, promptness or lack of a curative

5

instruction, and strength or weakness of the evidence against the defendant, a reviewing court will vacate a conviction if there is a reasonable possibility that the conduct might have affected the trial's outcome.'" Id. (quoting Riveira, 149 Hawaiʻi at 431, 494 P.3d at 1164).

Pokipala challenges the following underscored statements made by the DPA during his opening statement and closing argument:

**Opening Statement:**

Hello, everyone.  Thank you for your attention. Again, my name is Kahlan Salina.  And in this trial, I'm going to prove to you quite a few things.  But mainly, it's about an incident that occurred on August 1st, 2017 which was a Tuesday afternoon.  On that day, . . . there was a metal rod on the ground . . . and . . . Pokipala, picked up that metal rod and started waving it at the 82-year-old [CW].  He starts yelling profanities at him.  He's clearly angry.  He gets in [CW]'s face.  And at this point, he headbutts him right in the eye.  I'm going to prove to you that that happened.  [CW] received an injury from that headbutt, was a black eye, was bruised.  You're going to see photos of that.

**Closing argument:**

Ladies and gentlemen of the jury, I ask you to, at the conclusion of your deliberations and your conclusion of -- of reviewing the evidence, to come back with the only verdict that is appropriate, guilty as charged.

(Formatting of Opening Statement altered.)  Pokipala characterizes these statements as the DPA's "personal view as to the evidence he was presenting[.]"

We conclude that the challenged statements do not constitute prosecutorial misconduct.  In context, the two first-person statements made during the opening describe what the State intended to prove at trial.  The lone first-person statement made during the closing asserts the outcome the State was seeking based on the evidence adduced at trial.  In these circumstances, the DPA's sporadic use of the first-person does not include him vouching for the credibility of any witness, expressing a personal opinion on Pokipala's guilt, or otherwise stating a personal belief about the evidence.  See State v. Basham, 132

Hawaiʻi 97, 115, 319 P.3d 1105, 1123 (2014); <u>Hirata</u>, 152 Hawaiʻi at 33, 520 P.3d at 231.  Pokipala's contention is without merit.

For the reasons discussed above, the Judgment of Conviction and Sentence; Notice of Entry, entered on January 10, 2019, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, March 25, 2024.

On the briefs:

Richard S. Kawana
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge